UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) | C/A No. 9:25-cv-04019-BHH-MHC |
| Debtors, | ) ) ) ) | **ORDER** |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) ) ) | |
| Appellants, | ) ) ) | |
| v. | ) ) ) | |
| Evan K. Bromley, Julie A. Franklin, | ) ) ) | |
| Appellees. | ) ) | |

This is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) filed by Appellants Jacqueline E. Ard (Ard) and Terry Frank Nicola (Nicola), proceeding pro se. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving pro se litigants are referred to a United States Magistrate Judge for consideration. This Court generally has appellate jurisdiction to hear appeals pursuant to 28 U.S.C. § 158(a).

The docket number for the Bankruptcy Court action is Case No. 24-003611-JD. The parties must use the civil action number listed above (9:25-cv-04019-BHH-MHC) when they file subsequent briefs, motions, or other documents in this case.

On May 14, 2025, a Notice of Appeal from the Bankruptcy Court was filed. The Notice of Appeal was only signed by Appellant Ard. ECF No. 1.[1] Review of the Bankruptcy Court's docket indicated that a letter was sent to Ard on May 13, 2025, noting that the Notice of Appeal was not accompanied by the required filing fee of $298.00 required by 28 U.S.C. § 1930. The Bankruptcy Court directed that the total filing fee be submitted on or before May 23, 2025. Doc. No. 122.

In an Order dated June 2, 2025, Appellants were given until June 17, 2025, for: (1) Appellant Nicola to sign the Notice of Appeal and Statement of Election, (2) Appellants to submit the appeal filing fee (*see* Fed. R. Bankr. P. 8003), (3) Appellants to submit a designation of items to be included in the record (*see* Fed. R. Bankr. P. 8009), and (4) Appellants to submit a statement of issues to be presented (*see* Fed. R. Bankr. P. 8009). ECF No. 3. On June 25, 2025, an Amended Bankruptcy Notice of Appeal and Statement of Election, signed by both Ard and Nicola, was filed by Appellants. However, there is no indication that Appellants have paid the appeal filing

---

[1] In this Order, entries on the docket for this case are referred to as "ECF No. __" and entries on the docket for the Bankruptcy Court case are referred to as "Doc. No.__."

fee, submitted a designation of items to be included in the record, and submitted a statement of issues to be presented.

Rule 8003 requires that the Notice of Appeal must be accompanied by the prescribed filing fee. Fed. R. Bankr. P. 8003(a)(3)(C). Additionally, Rule 8009 requires that an appellant file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented. This Rule also specifically lists what must be included in the record on appeal and addresses the ordering of any transcript. *See* Fed. R. Bankr. P. 8009.

It is well established that "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). However, before a court may dismiss an appeal for violation of a procedural rule, it must take at least one of the following steps: "(1) making a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted). Because dismissal is a "harsh sanction which a district court must not impose lightly," *id.*, **Appellants are hereby given notice of the violation of Rules 8003 and 8009 of the Federal Rules of Bankruptcy Procedure, and an opportunity to cure or provide argument regarding such violation prior to dismissal of this appeal.**

**TO APPELLANTS:**

Appellants are hereby given until July 18, 2025, for:

(1) Appellants to submit the appropriate filing fee, as required by Fed. R. Bankr. P. 8003, to the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina at 1100 Laurel Street, Columbia, South Carolina 29201.

(2) Appellants to submit a designation of items to be included in the record on appeal, as required by Fed. R. Bankr. P. 8009, to the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina at 1100 Laurel Street, Columbia, South Carolina 29201-2423.

(3) Appellants to submit a statement of issues to be presented, as required by Fed. R. Bankr. P. 8009, to the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina at 1100 Laurel Street, Columbia, South Carolina 29201-2423.

Appellants are pro se litigants. Their attention is directed to the following important notice:

**Any future filings in this case must be sent to the Clerk of Court, Post Office Box 835, Charleston, South Carolina 29402.** All documents requiring a signature shall be signed with each Appellant's full legal name written in each Appellant's own handwriting. A pro se litigant shall **not** use the "s/typed name" format used in

the Electronic Case Filing System. In all future filings with this court, Appellants are directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Appellants are further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

Each Appellant is ordered to always keep the Clerk of Court advised **in writing** (**Post Office Box 835, Charleston, South Carolina 29402**) if his or her address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order**. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Failure to do so will not be excused by the court.

**The briefing deadlines in this case are suspended until Appellants comply with this Order. If Appellants fail to comply with this Order by July 18, 2025, this appeal may be dismissed with prejudice.**

**TO THE CLERK OF COURT:**

The Clerk of Court shall mail a copy of this Order to each Appellant.

The Office of the Clerk of Court shall not enter any change of address submitted by any Appellant which directs that mail be sent to a person other than that party unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**IT IS SO ORDERED.**

*Molly H. Cherry*
Molly H. Cherry
United States Magistrate Judge

July 1, 2025
Charleston, South Carolina

**Appellants' attention is directed to the important warning on the next page.**

## IMPORTANT INFORMATION .... PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL* IDENTIFYING *INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *__ALL__* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).