IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

In re: Jacqueline Elizabeth Ard and )
Terry Frank Nicola, )
                                        )
                Debtors, )
_____ )
                                        )
Jacqueline Elizabeth Ard, Terry Frank )
Nicola, )        Civil Action No. 9:25-cv-4019-BHH
                                        )
                Appellant, )
                                        )
v. )
                                        )        **ORDER**
Evan K. Bromley, Julie A. Franklin, )
                                        )
                Appellees. )
_____ )

This matter is before the Court upon Appellants Jacqueline Elizabeth Ard's and Terry Frank Nicola's ("Appellants") *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court").  In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review, and this Court generally has appellate jurisdiction pursuant to 28 U.S.C. § 158(a).

On May 14, 2025, a Notice of Appeal from the Bankruptcy Court was filed.  (ECF No. 1.)  An Amended Notice of Appeal and Statement of Election, signed by both Ard and Nicola, was filed on June 25, 2025.  (ECF No. 7.)  However, Appellants did not provide other necessary items, and in an order entered on July 1, 2025, Appellants were giving notice of their violation of Rules 8003 and 8009 of the Federal Rules of Bankruptcy and were directed to pay the filing fee, to submit a designation of items to be included in the

report on appeal, and to submit a statement of issues to be presented to the Bankruptcy Court by July 18, 2025.  (ECF No. 10.)  The deadline to provide the required documents was extended to September 8, 2025.  (ECF No. 13.)  The deadline passed and Appellants failed to provide the required items.

Accordingly, on October 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this bankruptcy appeal because Appellants have failed to comply with the Court's orders and provide the necessary items.  (ECF No. 16.)  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed

the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 16), and the Court dismisses this bankruptcy appeal for the reasons set forth by the Magistrate Judge**.

     **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 5, 2025
Charleston, South Carolina